IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS O. TAITE,            *
(AIS #: 180664)             *
                            *
    Plaintiff,              *
                            *
vs.                         *       CIVIL ACTION NO.14-00530-CG-B
                            *
                            *
SPENCER B. WALKER, *et al.*,*
                            *
    Defendants.             *

**REPORT AND RECOMMENDATION**

Marcus Taite[1], an Alabama prison inmate proceeding pro se, filed the instant 42 U.S.C. § 1983 action which has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C § 1915(g).

Section 1915(g), referred to as the "three-strikes" provision of the Prison Litigation and Reform Act (PLRA), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] The Alabama Department of Corrections' website lists a number of different aliases for Taite including "Marcus O. Taite", "Marcus Tate", "Marcus Orlando Tate", and "Drelijah Joshua Muhammad". www.doc.state.al.us/inmateHistory.aspx.

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C § 1915(g).

This section is intended to curb abusive prisoner litigation by requiring prisoners who have had three actions or appeals dismissed as meritless to pay the full filing fee when their next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)("[The] Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger . . . under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(noting that plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his compliant or that he was in jeopardy of any ongoing danger").

2

Upon the screening of this action under 28 U.S.C. § 1915(e)(2)(B) [2], the Court discovered that Plaintiff has previously had at least three actions dismissed during his incarceration. A review of the records of the United States District Court for the Southern, Northern, and Middle Districts of Alabama reflects that the following actions brought by Taite were dismissed on one of the grounds enumerated under § 1915(e)(2)(B): Marcus Orlando Taite v. Haley, CA-02-0034-MHT-CSC (M.D. Ala. Apr 18, 2002); Marcus O. Tate v. Keahey, CA-02-734-BH-S (S.D. Ala. Feb 11, 2003); and Marcus Tate v. Lawson, CA 06-01779-RBP (N.D. Ala. Nov. 17, 2006). In 2010, Taite filed a § 1983 action in this District and sought to proceed in forma pauperis. See Marcus Tate v. State of Alabama, CA 10-257-KD-M (S.D. Ala. Aug. 5, 2010). The Court held that because Taite had previously filed at least three actions that were dismissed pursuant to §1915(e)(2)(B), he could not avail himself of the

---

[2] 28 U.S.C. § 1915(e)(2)(B) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

exception under § 1915(g), and, due to his failure to pay the $350.00 filing fee at the time he filed the action, his action was dismissed without prejudice. Marcus Tate v. State of Alabama, CA 10-257-KD-M (S.D. Ala. Aug. 5, 2010).

Taite filed the instant action on November 13, 2014[3], without paying the filing fee. At the time, Taite was fully aware, in light of his litigation history, that he would be subject to §1915(g) again. Indeed, to date, this court and the United States District Court for the Middle District of Alabama have now issued orders dismissing at least six of Tate's actions pursuant to § 1915(g). See Tate v. Alabama, 2010 U.S. Dist. LEXIS 79615, 2010 WL 3155281 (S.D. Ala. Aug. 4, 2010)(dismissing action under § 1915(g)); Tate v. Bivins, 2008 U.S. Dist. LEXIS 52754, 2008 WL 2705388 (S.D. Ala. July 10, 2008)(dismissing action under 28 U.S.C. § 1915(g)); Tate v. Bass, 2007 U.S. Dist. LEXIS 94158, 2007 WL 4571256 (M.D. Ala. Dec. 26, 2007)(recommending dismissal under the "three-strikes" provision) of 28 U.S.C. § 1915(g)); report and recommendation adopted by Tate v. Bass, 2008 U.S. Dist. LEXIS 3093 (M.D. Ala. Jan. 15, 2008); Tate v. Bass, 2007 WL 2333041, CV-07-0298-CB-M

---

[3] Under the mailbox rule, absent contrary evidence, a prisoner's complaint is deemed filed on the date it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

4

(S.D. Ala. Aug. 13, 2007)(dismissing action under § 1915(g)); and Tate v. Bass, 2007 U.S. Dist. LEXIS 46281, 2007 WL 1834892 (S.D. Ala. June 22, 2007) (dismissing action under §1915(g)).

In order to avoid dismissal of this action under § 1915(g), Taite must satisfy the exception in § 1915(g), which requires him to show that he was "under imminent danger of serious physical injury" at the time that he filed the complaint. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[The] Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, as opposed to a past danger to proceed under section 1915(g)."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

Here, not only has Taite failed to allege that he was under imminent danger of physical injury at the time he filed this action, but the allegations in his complaint are completely nonsensical. For instance, in one section of his complaint, Taite requests an order directing the Internal Revenue Service to "discharge all debts, judgment, convictions, and sentences with state and federal agencies." (Doc. 1 at 4). In another section of the complaint, he asks that "all filing fees of this application be charged and billed to . . . United Washitaw Empire Sovereignty National Nation State Governmental Tribunal,

5

King Marcus O. Tate-El-Bey-Tey-Washitaw." (Id. at 7). The bottom line is that Taite's complaint does not meet the imminent danger exception provided under § 1915(g).

Since Taite cannot avail himself of the § 1915(g) exception and did not pay the $350.00 statutory filing fee at the time he commenced this action, this action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)(holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001)(holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Accordingly, the undersigned recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review

to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **December, 2014.**

                                          **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**